IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL CHATFIELD SMITH | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 4:18-CV-01258 |
| | § | |
| USAA GENERAL INDEMNITY COMPANY | § | |
| Defendant. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to the Court's Order Scheduling the Rule 16 Conference, Plaintiff Michael Chatfield Smith ("Plaintiff") and Defendant USAA General Indemnity Company ("USAA GIC"), appearing in its fiduciary[1] capacity as the fiscal agent[2] of the United States and at the expense of the United States Treasury,[3] submit this Joint Discovery/Case Management Plan under Rule 26(f):

### Preliminary Matters

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

    The conference was held telephonically on July 20, 2018 and during multiple subsequent phone and correspondence exchanges between Ms. Emily Marlowe and Rene Sigman, counsel for Plaintiff, and Ms. Tina Kappen, counsel for Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    There are no other related cases.

3. **Briefly describe what this case is about.**

    This is a breach of contract dispute arising out of Plaintiff's claim for flood damage to his residential property and content as result of Hurricane Harvey in August, 2017,

---

[1] *See* 44 C.F.R. § 62.23(f).
[2] *See* 44 U.S.C. § 4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951 (5th Cir. 1988).
[3] *See* 42 U.S.C. § 4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3d Cir. 1998).

1

under a Standard Flood Insurance Policy ("SFIP") issued pursuant to the National Flood Insurance Program ("NFIP").

**4.     Specify the allegation of federal jurisdiction.**

Jurisdiction is proper in the United States District Court for the Southern District of Texas, Houston Division, as this court has "original exclusive" jurisdiction for matters involving denial and/or underpayment of a flood insurance claim under a SFIP pursuant to 42 U.S.C. §4072. Additionally, jurisdiction is proper pursuant to 28 U.S.C. §1331 (federal question).

**5.     Identify the parties who disagree and the reasons.**

No parties disagree with respect to this Court's exercise of federal jurisdiction.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None known at this time.

**7.     List anticipated interventions.**

None known at this time.

**8.     Describe class-action or collective-action issues.**

At this time, neither party anticipates any issues that may raise class allegations or class action issues.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(b). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have agreed to exchange initial disclosures on or before <u>August 24, 2018</u>.

**10.    Describe the proposed agreed discovery plan, including:**

In an effort to facilitate an efficient resolution in this matter, parties agree to adopt and implement an automatic and modified discovery procedure that is aimed to effectuate prompt resolution, while also reducing costs for the parties and burdens on the Court.

The following discovery schedule would control the first phase of discovery in this matter as part of the initial disclosures required by Federal Rule of Civil Procedure 26 in an effort to avoid the need for parties to serve document requests and interrogatories, unless otherwise agreed to by the parties, until an impasse is reached after a failed mediation and written notice of impasse is filed with the Court and served on opposing

counsel. Nothing herein prevents the parties from conducting written discovery in the form of request for production, interrogatories, and/or request for admissions, or depositions, after a failed mediation once written notice of impasse is filed with the Court and served on counsel. Additionally, nothing herein precludes the parties from issuing subpoenas *duces tecum* to third-parties to obtain information within those third-parties' possession or control.

I. **Automatic Disclosures and Discovery**:

   A. **Plaintiff's Automatic Disclosures** – On or before August 24, 2018, Plaintiff will provide responses to Rule 26 initial disclosures to Defendant and produce all relevant and responsive documents accordingly per the below:
   a. A general statement and/or estimate of Plaintiff's claimed damages, including contents;
   b. A general statement as to any amounts previously paid under the Policy, and the difference claimed in this suit, along with any supporting documentation;
   c. The identity of any adjuster, inspector, contractor, or other person engaged by or on behalf of Plaintiff to prepare any estimate of damages submitted by Plaintiff;
   d. Whether there have been any prior attempts at arbitration or mediation;
   e. Plaintiff will produce all documents in his possession, supporting or evidencing the claimed loss, including any loss estimates, adjuster's reports, engineering reports (if any), contractor's reports or estimates, plans or specifications regarding repair work (whether in-progress or completed), photographs, and documents relating to damage and any receipts and record of repair expenditures. If damage to personal property is claimed, then Plaintiff will produce all records related to the repair or replacement of any damaged personal property items;
   f. Plaintiff will produce all documents in his possession reflecting any payments received to date (related to Hurricane Harvey damages and repairs) from any insurer, FEMA, or from any other governmental program, including the United States Small Business Administration. However, Plaintiff's agreement to produce any such information in his possession for informal settlement discussions or mediation does not waive his right to object or challenge its relevance or use at trial;
   g. Plaintiff will produce all documents relied upon by Plaintiff as satisfying the Proof of Loss requirement(s) per Plaintiff's SFIP;
   h. Plaintiff will produce any written communications exchanged between the insured and/or insurer (including the insurer's representatives) that references or relates to Plaintiff's claim, property, or otherwise arising out of Hurricane Harvey related to the flood claim made the basis of this lawsuit.
   i. Plaintiff will also produce any written communications, photographs and/or estimates in his possession regarding the scope of damages

sought from and/or paid by any other insurer related to Hurricane Harvey. However, production of non-flood related documents or information does not waive any potential objections regarding scope or relevance of the information. Plaintiff retains the ability to object to this information being used as evidence.

j. The complete name of each insurer and policy number for each policy of insurance held by, or potentially benefitting the Plaintiff and/or property on the date of the loss, and all claim numbers for any claims made for losses relating to Hurricane Harvey. However, Plaintiff does not waive his objection to this information and production of this information cannot be construed as an agreement by Plaintiff that this information is relevant to the flood claim.

k. A list of any other lawsuits filed by Plaintiff related to the property at issue arising out of Hurricane Harvey. However, production of non-flood related documentation or information does not waive any potential objections regarding scope or relevance of the information. Plaintiff retains ability to object to this information being used as evidence.

B. **Defendant's Automatic Disclosures** – On or before August 24, 2018, Defendant will provide responses to Rule 26 initial disclosures to Plaintiff and produce all relevant and responsive documents accordingly per the below:

a. *If no payment on the SFIP has been made or offered*, an explanation for the declination of coverage, including but not limited to: any policy exclusions that apply; whether coverage is denied due to non-payment of premiums; if there is a dispute as to the nature of the damage incurred and its coverage under the policy; if there is a dispute as to the value of the claimed losses, and any other legal basis on which coverage has been denied.

b. *If payment on the policy has been made or offered,* defendant's understanding of the nature of the dispute as well as:
   i. Whether mediation or arbitration has been attempted in this case;
   ii. A general explanation of any policy terms or conditions that Defendant alleges Plaintiff failed to comply with, including conditions precedent or otherwise;
   iii. A general statement as to any amounts previously paid under the Policy, along with any supporting documentation verifying payment and the basis of the payment(s);

c. Defendant will produce:
   i. <u>Claim File</u>: All non-privileged material in Defendant's possession, including but not limited to: the insurance policy, assessments of the claimed loss, including all loss reports, all expert reports that contain any description or analysis of the scope of loss or any defenses under the policy, damage assessments, adjusters' reports, engineering reports, contractors' reports, and estimates of repair/replacement,

including any drafts or redlines thereof within the claim file; photographs taken of the damage or claimed losses at issue, and any other evaluations of the claim at issue; all correspondence including written or oral communications with Plaintiff, including emails contained within the claim file or specific to that claim; all claim log notes; all forms of written or oral communication by and between Defendants and any and all independent adjusting companies, independent adjusters, engineering companies, engineers and/or any other non-party witness regarding this claim; any and all recorded statements or conversations by and between Plaintiff and Defendant; all documents contained in the claim file and underwriting file within Defendant's possession concerning the claim on which suit is based including without limitation, all correspondence, including written or oral communications with Plaintiff, and any proofs of loss. However, Defendant's agreement to produce the foregoing information in its possession for informal settlement discussions or mediation does not waive its right to object or challenge it relevance or admissibility at trial.

  ii. <u>Policy and Declaration Page</u>: The insurance policy and Declaration Page in effect at the time of the flood.

  iii. <u>Adjusters</u>: The names and addresses of the adjusters engaged by Defendant.

To the extent any information identified above is redacted or withheld on the basis of privilege, a privilege log will accompany the disclosures. The parties' agreement to voluntarily produced the foregoing information should not be deemed to be nor construed as a waiver of either parties' right to object to the relevancy or admissibility of such information in the event the parties are unable to amicably resolve their differences through informal settlement discussions or mediation. In addition to the aforementioned enumerated items, parties agree to otherwise provide all information and documentation that would be reasonably helpful to their adversary in evaluating the case for informal settlement discussions or mediation purposes.

II. **Site Inspection**:

In the event that Defendant requests a property inspection, Defendant shall, as promptly as reasonably possible, request the same in writing. Plaintiff agrees to allow one property inspection once requested and Counsel will facilitate scheduling of the same. Nothing herein precludes the parties from agreeing to additional property inspections, as may be necessary, nor precludes Defendant from seeking property inspections in accordance with the Federal Rules of Civil Procedure.

III. **Alternative Dispute Resolution:**

After the exchange of Automatic Disclosures, the parties agree to engage in settlement negotiations. In the event that the matter cannot be settled through informal settlement discussions within 90 days after the exchange of Automatic Disclosures, the parties agree to schedule a half-day mediation to be concluded by December 31, 2018, with an agreed mediator. If the parties cannot agree on a mediator they will seek appointment of a mediator by the Court. Parties are to attend the mediation in-person – Plaintiff is required to attend, and Defendant is required to bring a client representative who has full authority to negotiate and resolve the matters in dispute subject to FEMA concurrence.

All other discovery matters shall be stayed pending the outcome of mediation. If the case is not resolved at mediation or through alternative dispute resolution otherwise, either party may file a written notice of impasse and serve such notice on the other party and file with the Court. This written notice of impasse will lift the stay and parties will request a conference with the Court to enter into a scheduling order. The parties may proceed with discovery after the written notice of impasse is filed with the Court. This stay does not apply to any motions filed on the grounds that either party has failed to comply with the above Automatic Discovery procedures.

IV. **Depositions**:

Parties agree that depositions of Plaintiff and Defendant's Corporate Representative shall be scheduled to occur within 150 days of written notice of impasse being filed with the Court. Within 60 days of notice of impasse, parties shall provide dates of availability for depositions of both Plaintiff and Defendant's Corporate Representative(s).

V. **All Other Discovery Matters & Deadlines**:

Shall be completed in accordance with parties joint proposed scheduling order and docket control order.

VI. **Responses to all matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

The parties do not anticipate changes in the timing, form, or requirement for Rule 26 disclosures. The parties agree to make Initial Disclosures by August 24, 2018.

The parties do not believe it is necessary to conduct discovery in phases once mediation has occurred and written notice of impasse has been filed with the Court. In the event of a failed mediation, the parties believe discovery can be completed by August 31, 2019.

At this time, the parties contemplate staying formal discovery (with the exception of any subpoenas *duces tecum* directed to third-parties) pending exchange of Automatic Disclosures and participation in alternative dispute resolution. Nothing herein prevents a party challenging or objecting to a subpoena *duces tecum* and seeking protection or

guidance form the Court regarding same, if necessary. In the event that this matter cannot be resolved through informal settlement negotiations or mediation, the parties will engage in discovery regarding the claim, property, claims handling, and policy at issue.

At this time, the parties do not believe this case presents unique issues about disclosures, discovery, or preservation of ESI. However, the parties request that each preserves all ESI.

The parties agree that the Federal Rules of Civil Procedure and the Federal Rules of Evidence will govern discovery in this matter. The parties are not aware of any unique issues regarding claims of privilege or protection of trial-preparation materials at this time, however, the parties recognize that discovery is ongoing and such issues may appear.

Aside from the parties' proposed scheduling order, no other orders under Rule 16(b) are contemplated at this time.

**VII. When and to whom the Plaintiff anticipates it may send interrogatories.**

See above. The parties' agreed-upon Automatic Disclosures & Discovery procedure should absolve the need for additional written discovery until failed mediation and parties' filing of notice of impasse with the Court to lift the stay. If case does not resolve through informal settlement discussion or at mediation, and once written notice of impasse has been filed with the Court, the parties may issue formal discovery, including interrogatories, requests for admission, and requests for production, in accordance with the Federal Rules of Procedure.

**C. When and to whom the Defendant anticipates it may send interrogatories.**

See above. The parties' agreed upon Automatic Disclosures & Discovery procedure should absolve the need for additional written discovery until failed mediation and parties' filing of notice of impasse with the Court to lift the stay. If case does not resolve through informal settlement discussions or at mediation, and once written notice of impasse has been filed with the Court, the parties may issue formal discovery, including interrogatories, requests for admission, and requests for production in accordance with the Federal Rules of Procedure.

**D. Of whom and by when the Plaintiff anticipates taking oral depositions.**

At this time, Plaintiff anticipates taking the oral deposition of Defendant's Corporate Representative(s) and Adjuster(s) and/or team managers/supervisors who made decisions on or handled and investigated the claim. Plaintiff also anticipates taking the oral depositions of any third-party vendor retained by Defendants on this claim that inspected, investigated, evaluated, or made any recommendations on this claim, including but not limited to, any contractors or engineers.

**E. Of whom and by when the Defendant anticipates taking oral depositions.**

USAA GIC anticipates taking the oral deposition of Plaintiff, Mr. Mike Murray with SAR Contracting, LP and/or a corporate representative thereof, and Lisa Levy with Liberty Mutual Insurance Company and/or a corporate representative thereof, as well as any other contractors, adjusters, or vendors retained by Plaintiff to inspect, investigate, evaluate, or repair the property.

**F. When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff:                          May 27, 2019

USAA GIC:                       June 27, 2019

**G. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking USAA GIC's expert(s)' depositions by August 19, 2019.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

USAA GIC anticipates taking Plaintiff's expert(s)' depositions by July19, 2019.

**I. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

USAA GIC is a Texas corporation which is not publicly held. USAA GIC is a wholly owned subsidiary of United Services Automobile Association, which is a reciprocal inter-insurance exchange that is considered an unincorporated association. Thus, although the named defendant, USAA GIC, is a Texas corporation, its parent entity is considered a citizen of each state in which the parent has members. Because the named defendant, USAA GIC, is an incorporated entity, subsection 10(I) does not apply to either Plaintiff or USAA GIC.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposal of each party.**

Not applicable; the parties agree.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No formal discovery undertaken to date. Informal dialogue between Counsel for Plaintiff and Counsel for USAA GIC continues. Parties agree to an Automatic Discovery plan that should help effectuate the prompt resolution of this matter.

**13. State the date the planned discovery can reasonably be completed.**

August 31, 2019.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Parties agree to adopt an Automatic Discovery plan that will facilitate expeditious exchange of documents, and is intended to allow parties to ascertain all information necessary to negotiate through informal settlement discussions and/or prepare for an early mediation that will be scheduled to occur on or by December 31, 2018.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique maybe effective used in this case.**

The parties have agreed to work towards mediation of this matter to occur by December 31, 2018time frame.

**16. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

As allowed by law, parties agree to a bench trial for this matter.

**18. Specify the number of hours it will likely take to present the evidence in this case.**

The parties estimate that it will take between 32 – 40 (approximately 3 to 4 days) hours to present evidence in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None at this time.

**20. List other pending motions.**

None known at this time.

**21. List issues or matters, including discovery, that should be addressed at the conference.**

None known at this time.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed his Disclosure of Interested Persons/Corporate Disclosures on or about July 23, 2018.

USAA GIC filed its Disclosure of Interested Persons/Corporate Disclosures on or about July 3, 2018.

**23. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

Plaintiff:  René M. Sigman
Texas State Bar No. 24037492
Federal ID No. 900984
rsigman@merlinlawgroup.com
Emily Marlowe
Texas State Bar No. 24076206
Federal ID No. 2248224
emarlowe@merlinlawgroup.com
rmsdocket@merlinlawgroup.com
**Merlin Law Group, PA**
515 Post Oak Blvd., Suite 750
Houston, Texas 77027
713/626-8880 – Telephone
713/626-8881 – Facsimile

USAA GIC:  Seth Schmeeckle
Texas State Bar No. 24072911
Louisiana State Bar No. 27076
Federal ID No. 1089327
sschmeeckle@lawla.com
Tina L. Kappen[4]
Louisiana State Bar 29579

---

[4] Motion to Appear Pro Hac Vice granted June 11, 2018.

tkappen@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
A LAW CORPORATION
601 Poydras, Ste. 2775
New Orleans, Louisiana 70130
504/568-1990 – Telephone
504/310-9195 – Facsimile

Suzanne A. Schlicher
Texas State Bar No. 02601800
Federal ID No. 15040
sschlicher@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
713/222-1990 – Telephone
713/222-1996 – Facsimile


*/s/ Emily B. Marlowe*             __07/30/18_____
Counsel for Plaintiff              Date


*/s/ Tina Kappen*                  __07/30/18_____
Counsel for Defendant              Date